UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| FREDERICK BOOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:18-CV-229-TAV-HBG |
| | ) | |
| TONY PARKER, | ) | |
| MIKE PARRIS, | ) | |
| RUSTY HALL, | ) | |
| STANTON HIEDLE, and | ) | |
| J. GRUBBS, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Frederick Booth ("Plaintiff") is an inmate currently confined in the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee. He brought this lawsuit seeking relief under 42 U.S.C. § 1983 claiming that Defendants are retaliating against him for an incident that he has not been found guilty [Doc. 2 p. 6]. To date, Plaintiff's complaint has not yet been screened pursuant to the Prisoner Reform Litigation Act, *see, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). However, presently pending is Plaintiff's motion for appointment of counsel [Doc. 3] and "order to show cause for an [sic] preliminary injunction" [Doc. 4].

First, the appointment of counsel in a civil proceeding is not a constitutional right, but rather a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–6 (6th Cir. 1993). A district court has sound discretion to appoint counsel for an indigent civil litigant. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In

exercising its discretion as to whether to appoint counsel, the Court considers several factors, including the nature of the case, whether the issues are legally or factually complex, and a plaintiff's ability to present his claims to the court. *Lavado*, 992 F.2d at 605–6.

After considering the relevant factors, the Court finds that appointment of counsel is not warranted at this time, as no exceptional circumstances exist. Thus, Plaintiff's motion to appoint counsel [Doc. 3] is **DENIED**.

Next, the Court **DIRECTS** the Clerk to terminate the pending filing entitled "order to show cause for an [sic] preliminary injunction" as this document is not a motion but rather a proposed order requiring Defendants to show cause. The Court notes that while Plaintiff requests injunctive relief in his complaint, he has not met the standard for that at this time.

Preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Plaintiff has not met this burden. Plaintiff has not shown that any factors weigh in favor of his request for preliminary injunctive relief. *Overstreet*, 305 F.3d at 573 (Providing that, in determining whether to grant a request for preliminary relief, courts balance the following factors: (1) whether plaintiff "has shown a

strong likelihood of success on the merits;" (2) whether plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest). At this stage of the proceedings, Plaintiff's likelihood of success on his claims is no greater than that of Defendants. Plaintiff has also not shown that he will suffer irreparable harm if the injunctive relief he requests is not granted or that a public interest would be advanced by the requested relief. Further, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility and where an inmate is housed within the facility. Such extraordinary and urgently compelling reasons have not been shown by Plaintiff.

In sum, the Court finds as follows:

1. Plaintiff's motion for appointment of counsel [Doc. 3] is **DENIED**;

2. The Clerk is **DIRECTED** to term Plaintiff's "order to show cause for an [sic] preliminary injunction" [Doc. 4];

3. Plaintiff is **ORDERED** to immediately inform the Court and Defendants, or their counsel or record, of any address change pursuant to Local Rule 83.13.

**ENTER:**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE