UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

FREDERICK BOOTH,        )
    Plaintiff,         )
                        )
v.                      )    No.:   3:18-CV-229-TAV-HBG
                        )
TONY PARKER,            )
MIKE PARRIS,            )
RUSTY HALL,             )
STANTON HIEDLE, and     )
J. GRUBBS,              )
                        )
    Defendants.        )

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. For the reasons set forth below, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

I.    SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630

F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.  ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on or about May 26, 2016, he was transferred from the Trousdale County Correctional Complex to the Morgan County Correctional Complex ("MCCX") pending an investigation into his potential involvement in an officer assault at TCCX [*See* Doc. 2]. Plaintiff claims that he was placed in administrative segregation at MCCX upon his arrival, where he has remained to date without resolution as to the investigation [*Id.* at 6]. Plaintiff states that he has written various letters and grievances concerning the investigation and his classification, but that his inquiries have been ignored [*Id.* at 6-8]. He seeks injunctive and monetary relief in this action, claiming that he is entitled to a resolution of the pending investigation and placement in general population [*Id.* at 8-9].

## III. ANALYSIS

As a preliminary matter, the Court notes that Plaintiff seeks redress from Defendants based on their alleged negligence in investigating and resolving Plaintiff's complaints. However, negligence cannot form the basis of a § 1983 claim, and therefore, Plaintiff's allegations of Defendants' negligence fails to raise a constitutional issue. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 331-32 (1986).

Additionally, the Court finds that whether Plaintiff otherwise states a claim based on his segregated status "depends on the existence of a constitutionally cognizable liberty or property interest with which the state has interfered." *Manning v. Unknown Parties*, 56 F. App'x 710, 711 (6th Cir. 2003) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 4690 (1989)). Accordingly, to sustain an action against Defendants, Plaintiff must show that he has a protected liberty interest in a review of his administrative segregation. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake.").

There is no liberty interest "in avoiding transfer to more adverse conditions of confinement." *Id.* (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). However, in certain circumstances, "a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations," where the confinement "imposes atypical and

3

significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson*, 545 U. S. at 484 (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)).

The Sixth Circuit has stated that "administrative segregations have repeatedly been held not to involve an 'atypical and significant' hardship implicating a protected liberty interest." *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (finding that an inmate "could not after *Sandin*, argue that placement in administrative segregation is an 'atypical and significant hardship' "); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (finding that mere "placement in administrative segregation was not an atypical and significant hardship, as intended by *Sandin*"). Therefore, Plaintiff's placement in administrative segregation pending an investigation into his involvement in an officer assault does not implicate a protected interest to which due process protections attach. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and this action will be dismissed.

**IV.  CONCLUSION**

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE